
FILED
2009 Dec-23 AM 10:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MARVIN LEATHERWOOD, BLAKENEY COMPANY, WILLIAM LIVINGSTON, JR., <br><br>Plaintiffs, <br><br>vs. <br><br>PROGRESSIVE SPECIALTY INSURANCE COMPANY, <br><br>Defendant. | 7:08-CV-01853-LSC |

MEMORANDUM OF OPINION

I.   Introduction.

The Court has for consideration Defendant Progressive Speciality Insurance Company's ("Progressive") Motion for Judgment on the Pleadings. (Doc. 25.) This motion was filed on November 5, 2009. The motion has been briefed by the parties and is ripe for review.

II.   Procedural and Factual Background.[1]

---

[1] For the purposes of this opinion, the facts are accepted as alleged in the complaint. Recitation of the facts alleged by the plaintiff in this opinion is not to be construed as a verification that the allegations are true.

On December 19, 2006, Marvin Leatherwood filed a state court civil action against Blakeney Company, LLC, and William Livingston ("Plaintiffs" or "insureds") for damages resulting from a motor vehicle collision between Livingston and Leatherwood.  At the time of the collision, Livingston was operating a commercial vehicle for the Blakeney Company, who was insured at the time by Progressive.  Progressive defended the insured under a reservation of rights.  During the course of the litigation, attempts were made by Progressive to settle the matter with a final offer of $250,000.  Leatherwood's last demand, however, was for $600,000.  Following the failed settlement efforts, Progressive requested that the jury return a verdict form that allowed a division of compensatory and punitive damages.  Following the verdict in Leatherwood's favor, the jury awarded $200,000 in compensatory damages and $250,000 in punitive damages.  Progressive satisfied the compensatory award of $200,000.  In a post-trial motion, Leatherwood joined with Livingston and Blakeney Company in an attempt to amend the answer to add a post-judgment cross-claim against Progressive for failure to settle within the policy limits.  The state court granted this

motion.  Progressive then filed a petition for writ of mandamus from the Alabama Supreme Court directing the trial court to dismiss this cross-claim.

On October 7, 2009, Progressive filed the instant action seeking a declaration that it owes no coverage for the punitive damages award entered in favor of Leatherwood.  The insureds filed a motion to dismiss arguing that these claims should have been made in the underlying state action as compulsory counterclaims to the disputed cross-claims.  This motion was rendered moot, however, when the Alabama Supreme Court granted Progressive's writ for petition of mandamus.  The cross-claim in the underlying state action having been dismissed, the insureds filed an answer to Progressive's complaint on August 24, 2009, and included a counterclaim against Progressive for breach of contract and bad faith related to Progressive's failure to settle the underlying state action.  In a Joint Report filed by the parties on October 19, 2009, the insureds conceded that they "do not contest the validity and enforceability of the policy's preclusion of coverage for punitive damages" and that the only remaining issue of contention is the "insureds' claim for wrongful or bad faith failure to settle."  (Doc. 22.)  As the only controversy that remained was insureds'

counterclaim, the parties were realigned with Progressive as the Defendant and the insureds as the Plaintiffs. On November 5, 2009, Progressive filed a motion for judgment on the pleadings claiming that, as it had no duty to pay a non-covered claim, it could not be liable for failure to settle that claim.

III.   Standard.

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts have held, "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *Isola Condo. Ass'n v. QBE Ins. Corp.*, 2008 U.S. Dist. LEXIS 101165 (S.D. Fla. Sept. 24, 2008) ("This, however, does not change our analysis because the same standard of review applies for both 12(c) and 12(b)(6) motions.") (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999)).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations"; however, the

"plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).[2] The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 1974.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County,* 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable

---

[2] The Supreme Court in *Bell Atl. Corp. v. Twombly* abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*. *See Bell Atl. Corp.,* 127 S. Ct. at 1968 (quoting *Conley,* 355 U.S. 41, 45-46 (1957)). The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp.,* 127 S. Ct. at 1969.

inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). A complaint has sufficient facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citations omitted). Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citation omitted).

IV.     Analysis.

Plaintiffs have alleged that Progressive breached its contract with them and acted in bad faith by failing to take "reasonable steps to ensure that Blakeney and Livingston were protected from an excess verdict." (Doc.

20.)  The questions before the Court then are whether this verdict can be construed as excess and, if so, whether the Plaintiffs made factual allegations sufficient to survive a motion to dismiss under *Twombly*.  After reviewing the applicable law, the Court finds the answer to both questions is yes.

It is well settled that a bad faith failure to settle a claim does not accrue "*unless and until the claimant obtains a final judgment in excess of the policy limits.*"  *Fed. Ins. Co. v. Travelers Cas. & Sur. Co.*, 843 So. 2d 140, 145 (Ala. 2002) (citing a number of Alabama Supreme Court cases) (emphasis in original).  On the surface, this threshold requirement appears to have not been met.  The Progressive policy in question was for $1,000,000, but the total jury award was only $450,000.  It appears, however, that the Alabama Supreme Court intended a broader application of the term "excess," stating that an insured may not assert "a bad-faith-failure-to-settle claim against an insurer where the insured is never subject to a final judgment ordering the payment of money that the insured personally — and not his insurer — would have to pay."  *Id*. at 145 (citations omitted).  Under this formulation, it would appear that if the insured,

because of the insurer's bad faith failure to settle, is forced to pay out of pocket to satisfy a judgment, the verdict is "excess" and a bad faith failure to settle claim is viable.[3]

The Eleventh Circuit's decision in *Ross Neely Sys. v. Occidental Fire & Cas. Co.*, 196 F.3d 1347 (11th Cir. 1999) seems to confirm this interpretation. In *Ross Neely*, an insurance company did not settle a lawsuit as it believed the suit was without merit. *Id.* at 1349. The jury felt differently, giving an award for both compensatory and punitive damages. *Id.* As the insurance contract did not cover punitive damages, the insured was left to cover these damages on its own, subsequently suing the insurer for bad faith failure to settle. The Eleventh Circuit, in addressing the arguments of the parties, laid out several principles that are applicable to this action. First, while not directly addressing whether a non-covered punitive damages award constituted an excess award, the Court did not reject the insured's argument out of hand. Rather, it assessed the claim under the elements of a bad faith action:

---

[3] The parties to this action have produced no Alabama Supreme Court opinion directly addressing this point in regards to non-covered punitive damages awards, and the Court has found no such opinions.

> (1) the insurer must thoroughly investigate the cause of the accident and the severity of the plaintiff's injuries; (2) the insurer must retain competent defense counsel who will represent only the insured; (3) the insurer must fully inform the insured of all developments relevant to its coverage and the progress of the lawsuit, including all settlement offers; and (4) the insurer must refrain from any action that demonstrates a greater concern for the insurer's monetary interest than for the insured's financial exposure.

*Id.* at 1351 (citing *L&S Roofing Supply Co. v. St. Paul Fire & Marine Ins. Co.*, 521 So. 2d 1298, 1303 (Ala.1987)). In analyzing these factors, the decision not to settle "must be viewed in light of the facts available to it at the time, not in hindsight." *Id.* at 1303.

Applying these precedents to the instant matter, it is clear that Progressive's motion must be denied. While the insurer is not "under a duty to settle a compensatory damage award merely to minimize its insured's exposure to punitive damages," the mere fact that the only excess award is a non-covered one is not dispositive. In evaluating Plaintiffs' claim, the Court will need to analyze the evidence presented with an eye towards the facts as they stood at the time the settlement offer was made. If the insurer acted in bad faith at that time and if this bad faith led to out-of-pocket expenses for the insured, then Plaintiffs may be able to recover.

This rule is fair to both insured and insurer.  On the one hand, the insurer is not liable for the failure to settle a non-covered claim in the absence of bad faith.  On the other, the insurer does not have an incentive to low-ball on settlement offers in an effort to avoid paying any portion of non-covered damages.  Any other interpretation would clash with the insurer's responsibility to "refrain from any action that demonstrates a greater concern for the insurer's monetary interest than for the insured's financial exposure."  *Id.* at 1351.  As Plaintiffs have alleged that Progressive failed to settle this matter despite indications that an excess award was likely, it is evident that the motion for judgment on the pleadings is due to be DENIED.

V. Conclusion.

For the reasons stated above, Progressive's motion for judgment on the pleadings will be DENIED.  A separate order will be entered.

Done this 23rd day of December 2009.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671